*R. D. Hill, for appellant. John Smith, for appellees.*

---

C. DUDLEY *v.* J. J. B. HILLIARD, ET AL.

M. C. W. BLACK, ET AL. *v.* SAME.

**Names of Parties.**

The omission of one of the initials of a defendant's name in a summons is not such a defect as to excuse him from appearing to an action or invalidate the judgment afterward entered.

**Effect of Antenuptial Contract.**

> Where the purpose of an antenuptial contract is to exclude the husband from participation in the wife's property, and when a trustee is appointed thereunder, but by its terms she reserves the right to the entire income from the property, and may direct her trustee to sell and convey her real estate and invest the income or proceeds in other property, to be held by such trustee upon the same terms, and when she has the power under such contract to direct her trustee in every move he is to take, she has all the power over the estate that she would have had if she had remained unmarried, and may mortgage the property to raise money if she so desires.

APPEAL FROM LOUISVILLE CHANCERY COURT.

March 4, 1880.

OPINION BY JUDGE PRYOR:

There is nothing on the face of the record occurring before judgment indicating that the appellant, Mrs. Black, was a married woman at the date of the execution of the notes, or at the institution of the action, and, she having received the money of the appellees and used it for her own purposes, the chancellor would be reluctant to open the case in order that she might avoid the effect of the judgment. The appellees had the right to presume that she was competent to enter into such business transactions, and when, in order to effect a negotiation that enabled her to raise the money, she informed the broker that she had been divorced from her husband, and obtained the loan upon that representation, the chancellor should decline to listen to an application for a new trial for the purpose of affording her any relief, and so far as she is interested the judgment against her must stand.

The appellant had notice of the pendency of the original action, was properly summoned and failed to answer, and, although her full name is not given in the summons on the cross-petition of Graham, the omission of one of the initials of her name does not invalidate the judgment. She was summoned in conjunction with her trustee, and if she had any defense should have answered. Nor is there any reason why the word "days" should not be supplied in the blank found in the mortgage, as such was evidently the plain intent of the instrument, so much so as not to require an averment of a mistake or omission.

The question presented in this case by the purchaser is more difficult of solution. That the principal object in view by Mrs. Black

when entering into the antenuptial contract was to secure to herself the property to the exclusion of the husband is evident; and in the attempt to thus secure it she has provided that in a certain contingency the property is to pass to her children in the manner provided by the agreement. She has the right to the use and enjoyment of the entire income of the estate, and may further direct her trustee in writing to sell and convey this estate and invest the proceeds, to be held on the same trusts herein created; likewise, any property, real or personal, purchased therewith, together with like power to sell and invest, or otherwise dispose of the purchase-money arising from any sales from time to time, etc. She may also at any time invest any income from said property to be held in trust, etc.

In contemplation of this marriage the grantor was executing an instrument under which she could control the principal of her estate through the intervention of a trustee, and also the income as against any claim of the husband and without regard to his marital rights. She could order the real estate sold and reinvestments made under the same trust, with like power to sell and reinvest or otherwise dispose of the purchase-money arising from any sale from time to time. She had all the power over the estate that she would have had if a feme sole, except her action in the present case was through the intervention of a trustee. She could make the trustee sell, require him to reinvest, or otherwise dispose of the money. If she had all this power over it we see no reason why the right to mortgage the property to raise money did not exist. If by the terms of the conveyance or contract she could dispose of the money arising from the proceeds of sale, we see no reason for withholding from her the right to mortgage the real estate to raise the money.

A fair and legitimate construction of the contract vested in Mrs. Black the right to own and control the property and its proceeds independently of her husband as long as she lived, and having secured this right the further purpose was to exclude him from any interest after her death. The right is then reserved to the grantor to dispose of all her estate by last will and testament, and, in the event she makes no will or directs any other disposition of the property, it is to pass to her children in the manner provided by the conveyance. The fact that her children may, upon a certain contingency, take under the conveyance is not consistent with the right of the mother to dispose of the property. The purpose of the wife in entering into the contract is manifest, the whole object being to give her the use, con-

trol and disposition of the property, regardless of her husband, without limitation or restriction, and the trustee is invested with no other right than to act as required by the beneficiary, Mrs. Black.

The power to sell and convey does not necessarily imply the right to mortgage, but on the contrary this right does not exist unless such is the manifest intention of the parties to be gathered from the entire writing. But where one is the absolute owner, whether of general or separate estate, with the power to sell or to direct a sale and invest the proceeds, or otherwise dispose of the purchase-money, we see nothing to prevent the execution of a mortgage, or any other disposition of the property that the parties may see proper. This entire estate, as we construe the conveyance, is at the entire disposal of Mrs. Black. She could use and enjoy the realty, sell or mortgage it, because no one else had any interest in it, and by the express terms of the agreement the husband had no power to control its disposition. The wife did not intend to restrict her right to dispose of this estate or to relinquish any interest whatever in it, either in favor of the trustee or the children. The trustee is invested with the mere naked title, and holds the property subject to be disposed of at the will of the cestui que trust. The manifest object of the conveyance was to exclude the husband, but in no wise to restrict the rights of the wife; and such being the proper and legitimate construction of the conveyance, the judgment must be *affirmed* on both appeals.

*Russell & Helm, for Dudley.*

*P. B. Muir, D. J. Heyman, A. A. Stoll, for Black.*

*E. W. C. Humphrey, William E. McAffee, for appellees.*